Individual Defendants who were also officers and/or directors of the Company have been ratified by the remaining Individual Defendants who collectively comprised all of Keyuan's Board.

56.     As alleged herein, the Individual Defendants have breached their fiduciary duties by: (i) knowingly and substantially participating or acquiescing in the issuance of public documents and statements issued or disseminated in the name of the Company (or in their own name) that were materially false and misleading; (ii) permitting and/or turning a blind-eye to the self-dealing related party transactions; (iii) failing to implement an effective system of internal and financial controls; and (iv) failing to implement corrective measures to protect Keyuan form incurring further harm caused by the improper statements.

57.     The Individual Defendants also failed to prevent the other Individual Defendants from taking such illegal actions. In addition, as a result of the Individual Defendants' illegal actions and course of conduct, the Company is now the subject of class action litigation in which it is alleged that Keyuan violated securities laws.  As a result, Keyuan has expended, and will continue to expend, significant sums of money, and its reputation has been severely damaged.

## ISSUANCE OF MISLEADING STATEMENTS

58.     The statements detailed above were inaccurate and misleading, contained untrue statements of material facts, omitted facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein. Individual Defendants, by virtue of their control over and/or receipt of information reflecting the true facts regarding Keyuan, either caused the issuance of the materially misleading statements or failed to timely correct such statements.  These Defendants each had a duty to ensure that such statements were accurate and contained all facts required to be stated therein, and that there were no omissions of material facts

16

that would make the statements misleading.  In the exercise of reasonable care, the Individual Defendants should have known of the material misstatements contained in the Company's press releases, SEC filings, and also should have known of the omissions of material facts that were necessary to make the statements made therein not misleading.  As such, the Individual Defendants breached their fiduciary duties.

## DERIVATIVE ALLEGATIONS
## AND DEMAND FUTILITY ALLEGATIONS

59.     Plaintiff brings this action derivatively in the right and for the benefit of Keyuan to redress injuries suffered, and to be suffered, by Keyuan as a direct result of breach of fiduciary duty, waste of corporate assets, and unjust enrichment, by the Individual Defendants.  Keyuan is named as a nominal defendant solely in a derivative capacity.

60.     Plaintiff will fairly and adequately represent the interests of the Keyuan, and has retained competent counsel, experienced in derivative litigation, to enforce and prosecute this action.

61.     Plaintiff incorporates by reference and realleges each and every allegation stated above as if fully set forth herein.  Plaintiff did not make a demand on the Board to bring this action because such demand would be futile given the facts as alleged herein and, therefore, such a demand is excused.

62.     At the time of the filing of this action, Keyuan's Board of Directors was composed of six directors, Tao, Xiang, Rosenberg, Goldberg, Shen, and Yue.

63.     Demand is excused because the current directors named as defendants in this action control the Company and are beholden to each other.  The members of the Board have longstanding business and personal relationships with each other and the Individual Defendants that preclude them

17

from acting independently and in the best interests of the Company and the shareholders. These conflicts of interest precluded the Board from adequately monitoring the Company's operations and calling into question the Individual Defendants' conduct.

64.     Demand is also futile because the directors face liability as a result of their scheme, which renders them unable to impartially investigate the charges and decide whether to pursue action against themselves and the other perpetrators of the scheme.

65.     The Individual Defendants' conduct described herein and summarized above could not have been the product of legitimate business judgments as it was based on criminal, intentional, reckless, and disloyal misconduct. Thus, none of the Individual Defendants, who constitute a majority of the current Board of the Company, can claim exculpation from their violations of duty pursuant to the Company's charter (to the extent such a provision exists). As a majority of the Individual Defendants face a substantial likelihood of liability, they are self-interested in the transactions challenged herein and cannot be presumed to be capable of exercising independent and disinterested judgment about whether to pursue this action on behalf of the shareholders of the Company. Accordingly, demand is excused as being futile.

66.     Defendant Tao, as the Chairman and CEO, Defendants Huang, Xue and Shou, as the former and current vice presidents and as the current CEO, were ultimately responsible for the Company's sales, operations, financial statements, and internal controls. However, in complete abdication of their fiduciary duties, Defendants Tao, Huang, Xue and Shou participated in related party transactions and made personal profit from the Company. As such, Defendants Tao, Huang, Xue, and Shou breached their fiduciary duties. Accordingly, Defendants Tao, Huang, Xue, and Shou face a substantial likelihood of liability, and demand upon them is futile.

18

67.     Defendants Xiang, Goldberg, Rosenberg, and Shen as members of the Audit Committee, reviewed and approved the improper statements. As members of the Audit Committee during the Relevant Time Period, Defendants Xiang, Goldberg, Rosenberg, and Shen had additional and heightened responsibilities for ensuring "oversight of i) the integrity of the our financial statements, ii) our compliance with legal and regulatory requirements, … and prepares the report that the Securities and Exchange Commission requires to be included in our annual proxy statement." The Audit Committee was also tasked with reviewing the quality, adequacy and effectiveness of the Company's internal and financial controls.  Defendants Xiang, Goldberg, Rosenberg and Shen fell well short of their duties. As alleged herein, Defendants Xiang, Goldberg, Rosenberg, and Shen knowingly or recklessly made and/or allowed the company to make improper statements related to Keyuan's financial results and business operations. Accordingly, Defendants Xiang, Goldberg, Rosenberg and Shen breached their fiduciary duty of loyalty and good faith because they participated in the wrongdoing described herein. Thus, Defendants Xiang, Goldberg, Rosenberg, and Shen face a substantial likelihood of liability for their breach of fiduciary duties, so any demand upon them is futile.

68.     Defendants Tao, Xiang, Goldberg, Rosenberg, Shen, and Yue, as members of the Board, were and are subject to the Code of Conduct. The Code of Conduct filed with Keyuan's 8-K on July, 7 2010, is incorporated herein by reference. The Code of Conduct went well beyond the basic fiduciary duties required by applicable laws, rules and regulations. The Code of Conduct requires that they also adhere to Keyuan's standards of business conduct.  In particular, under the Code of Conduct, Defendants Tao, Xiang, Goldberg, Rosenberg, Shen, Yue, Li, Huang, Xue, and Shou were aware that "As an employee, officer or director of the Company, you have a duty of

19

loyalty to the Company and must, therefore, avoid any actual or apparent conflict of interest with the Company. Employees, officers and directors must not use their position for private gain, to advance personal interests, or to obtain favors or benefits for themselves, members of their families, or any other individuals, corporations or business entities." It also required that "Being factual and truthful is important in all communications with others. If an employee, officer or director interacts with any government agency or auditor, he or she should deal strictly with factual information. US Federal law provides for severe penalties for anyone who endeavors to influence, obstruct, or impede federal auditors or investigators in the performance of their official duties with the intent to deceive or defraud." They did not comply with these requirements. As stated herein, Defendants Tao, Xiang, Goldberg, Rosenberg, Shen, Yue, Li, Huang, Xue, and Shou violated the Code of Conduct by making or concealing numerous related party transactions and causing the Company to make, or allow the Company to make improper financial and business disclosures in its public filings, and press releases. Because Defendants Tao, Xiang, Goldberg, Rosenberg, Shen, Yue, Li, Huang, Xue, and Shou violated the Code of Conduct, they face a substantial likelihood of liability for breaching their fiduciary duties, and, thus, demand upon them is futile.

69.     Defendants Tao and Li as Senior Executive and Financial Officers of Keyuan were and are also subject to the Code of Conduct. Similarly, they failed to properly adhere to the Code of Conduct. As detailed herein, Defendants Tao and Li also knew or were reckless in not knowing numerous related party transactions. Because Defendants Tao and Li violated the Code of Conduct, they face a substantial likelihood of liability for breaching their fiduciary duties, and, thus, demand upon them is futile.

20

70.    Defendants Tao, Li, Rosenberg, Goldberg, Xue, and Shen breached their fiduciary duty of loyalty by failing to ensure that an adequate system of internal and financial controls was in place to prevent the dissemination of improper public disclosures. As demonstrated by the plethora of improper statements alleged herein, the Company did not have in place, and/or failed to properly implement an effective system of internal financial controls.  In fact, Defendants Tao, Li, Rosenberg, Goldberg, Xue, and Shen knowingly or recklessly disregarded any such controls in directly issuing improper statements in the Company's public filings, and press releases regarding the Company's financial results and business operations. Accordingly, Defendants Tao, Li, Rosenberg, Goldberg, Xue, and Shen breached their fiduciary duties in failing to implement such financial controls, and, thus, face a substantial likelihood of liability.  Demand upon them is futile.

71.    Moreover, the acts complained of constitute violations of fiduciary duties owed by Keyuan's officers and directors, and these acts are incapable of ratification.

72.    Keyuan has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein, yet the Individual Defendants and current Board have not filed any lawsuits against themselves or others who were responsible for that wrongful conduct to attempt to recover for Keyuan any part of the damages Keyuan suffered and will suffer thereby.

73.    If Keyuan's current and past officers and directors are protected against personal liability for their acts of mismanagement and breach of fiduciary duty alleged in this Complaint by directors' and officers' liability insurance, they caused the Company to purchase that insurance for their protection with corporate funds, i.e., monies belonging to the stockholders of Keyuan. However, typically directors' and officers' liability insurance policies covering contain provisions that eliminate coverage for any action brought directly by the issuer, known as the "insured versus

21

insured exclusion." As a result, if these directors were to cause Keyuan to sue themselves or certain

of the officers of Keyuan, there would be no directors' and officers' insurance protection and thus,

this is a further reason why they will not bring such a suit. On the other hand, if the suit is brought

derivatively, as this action is brought, such insurance coverage exists and will provide a basis for the

Company to effectuate recovery. If there is no directors' and officers' liability insurance, then the

current directors will not cause Keyuan to sue the Individual Defendants named herein, since they

will face a large uninsured liability and lose the ability to recover for the Company from the

insurance.

## FIRST CAUSE OF ACTION

### Against Individual Defendants for Breach of Fiduciary Duty

74.     Plaintiff incorporates by reference and realleges each and every allegation as set

forth above as if fully set forth herein.

75.     The Individual Defendants owed the Company and its shareholders the highest

duties of loyalty, good faith, honesty, and care in conducting their affairs and the business of the

Company.

76.     Each of the Individual Defendants violated and breached their fiduciary duties of

care, loyalty, reasonable inquiry, oversight, good faith, and supervision.

77.     The Individual Defendants had actual or constructive knowledge that they had

caused the Company to improperly misrepresent the condition of the Company and failed to

correct the Company's public issuances. The Individual Defendants had actual knowledge of the

misrepresentations and omissions of material facts set forth herein, or acted with reckless

disregard for the truth in that they failed to ascertain and to disclose such facts, even though such

22