## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

WILLIAM KRETOWICZ, derivatively and on
behalf of KEYUAN PETROCHEMICALS,
INC.,

      Plaintiffs,

vs.

CHUNFENG TAO, YUXIN XIANG, GERRY
GOLDBERG, MICHAEL J. ROSENBERG,
DISHEN SHEN, XIN YUE , AICHUN LI,
YUSHUI HUANG, WEIFENG XUE,
HENGFENG SHOU,

      Defendants,

-and-

KEYUAN PETROCHEMICALS, INC.,

      Nominal Defendant.

Case No. 1:14-cv-00918-PAC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **10-5-15**

## [PROPOSED] FINAL JUDGMENT AND ORDER

WHEREAS, this Court having considered the Stipulation and Agreement of Settlement
dated July 1, 2015 between (a) plaintiff William Kretowicz (the "Derivative Plaintiff"), on behalf
of himself and derivatively on behalf of Keyuan Petrochemicals, Inc. ("Keyuan"), (b) nominal
defendant Keyuan, and (c) individual defendants Chunfeng Tao, Michael J. Rosenberg, and
Aichun Li (collectively with Keyuan, the "Settling Defendants"), and having held a hearing on

October 5, 2015 (the "Settlement Hearing"), and having considered all papers filed and proceedings herein, and otherwise being fully informed, and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     For purposes of this Final Judgment and Order (the "Judgment"), the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2.     The Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties for the limited and specific purpose of the approval, administration, interpretation, and enforcement of the Settlement.  Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling Parties shall not be deemed to have submitted generally to the jurisdiction of the Court or to the State of New York or for any purpose other than as set forth in this paragraph.

3.     Substantially in accordance with the Preliminary Approval Order, certain Parties caused notice to be made to Current Keyuan Shareholders.  The form and manner of the Notice given to Current Keyuan Shareholders is hereby determined to have been: (i) the best notice practicable under the circumstances; (ii) reasonably calculated, under the circumstances, to apprise all Current Keyuan Shareholders who could reasonably be identified of the pendency of the Derivative Action, the terms of the Settlement, and Current Keyuan Shareholders' right to object to the Settlement or to Derivative Counsel's application for an award of attorneys' fees and expenses and to appear at the Settlement Hearing; and (iii) fully compliant with Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

4.     The Settlement Hearing was held before this Court on October 5, 2015, to consider, among other things, whether the Derivative Plaintiff adequately represents the interests

2

of each Current Keyuan Shareholder in enforcing the rights of Keyuan, the Settlement should be approved, and Derivative Counsel's application for attorneys' fees and expenses should be granted.

5.        The Court finds, for settlement purposes only, that: (1) the Derivative Action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the Derivative Plaintiff adequately represents the interests of Current Keyuan Shareholders in enforcing the rights of Keyuan.

6.        The Court finds, in accordance with Federal Rule of Civil Procedure 23.1, that the Settlement is fair, reasonable, adequate and in the best interests of Keyuan and Current Keyuan Shareholders.  The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Current Keyuan Shareholders, Keyuan, and other Settling Defendants.  The Court has considered any submitted objections to the Settlement and hereby overrules them.  Accordingly, this Court hereby approves the Settlement set forth in the Stipulation and directs the consummation and implementation thereof.

7.        The Derivative Action is hereby dismissed with prejudice, with each side to bear its own costs and expenses, except as set forth in Paragraph 11 below.

8.        Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties; provided, however, that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

3

9.      Upon the Effective Date, each of the Releasing Parties will forever be barred and enjoined from taking any steps in furtherance of commencing, instituting, or prosecuting any of the Released Claims in any court, other forum, or proceeding. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.     Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Derivative Plaintiff and Derivative Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Derivative Action and/or the Released Claims; provided, however, that nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

11.     Derivative Counsel are hereby awarded attorneys' fees in the amount of $ _125,000_ and reimbursement of expenses in the amount of $_5,314.84_ in connection with the Derivative Action, which sum the Court finds to be fair and reasonable and which will be paid by Defendants' insurance carrier in accordance with the terms and subject to the conditions of the Stipulation. The Derivative Plaintiff is awarded a service award in the amount of $ _1000_ to be paid out of the award of attorneys' fees and expenses, in recognition of the Derivative Plaintiff's participation and efforts in the prosecution of the Derivative Action.

12.     During the course of the litigation of the Derivative Action, all Settling Parties and their counsel acted in good faith and complied with Rule 11 of the Federal Rules of Civil Procedure and other similar rules of professional conduct.

13.     Neither the Stipulation, nor any of its terms or provisions, nor any document referred to therein, nor the Exhibits thereto, nor entry of this Judgment, nor the fact of the Settlement, nor any action taken to carry out the Stipulation or the Settlement, is, may be construed as, or may be used as, evidence of the validity of any claim or as an admission by or against any of the Released Parties of any fault, wrongdoing, or concession of liability whatsoever. The Settlement and the Stipulation, and any and all negotiations, documents and discussions associated therewith, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of equity or of any liability or wrongdoing by the Released Parties whatsoever, or of the truth of any of the claims or allegations made against any of the Defendants in the Derivative Action.

14.     The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment.

IT IS SO ORDERED.

DATED: _October 5, 2015_

_Paul A. Crotty_

THE HONORABLE PAUL A. CROTTY

5